## No. 13,977.

### The Sligo Iron Store Company et als. vs. R. B. Blanks et als.

### Syllabus.

1. Where plaintiffs allege an obligation on the part of certain commissioners to render them an account of their stewardship of a fund of over two thousand dollars, by reason of a legal right to a participation in the distribution

of the same, the Supreme Court has jurisdiction to consider the correctness of the action/of the District Court in sustaining an exception to the demand of no cause of action, without regard to the amount of the interest of the plaintiffs in the fund. Whether they have the right to call for such an account is a matter for later determination on the merits.

2.  A petition in which plaintiffs allege that they have a legal right to participation with others in a fund in the hands of certain commissioners, that the latter have misapplied and diverted funds to their own use and to the prejudice of plaintiffs and pray that commissioners be ordered to file an account of their actions in the premises, discloses a cause of action.

3.  An exception of "no cause of action" should be disposed of separately from other exceptions.

APPEAL from the Sixth Judicial District, Parish of Ouachita— *Hall, J.*

*Andrew Augustus Gunby* for Plaintiffs, Appellants.

*E. Tyler Lamkin* for Defendants, Appellees.

STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiffs in this case, sixteen in number, appeal from a judgment dismissing their suit upon an exception of no cause of action and prescription.

In the petition filed by them after setting forth the amounts which they alleged to be due to each respectively by the Woodworth Lumber Company, Limited, they averred that on the 16th of May, 1898, the said company was dissolved and C. A. Haydon and C. S. Woodworth were appointed commissioners to liquidate the affairs of said corporation. That the said commissioners sold the property, rights and credits of the said company, to R. B. Blanks for $80,000.00 cash paid, which was deposited in the M. & F. Bank to the credit of the said Haydon and said Woodworth, commissioners, and that the said commissioners appointed R. B. Blanks, president of the M. & F. Bank, their agent for the purpose of distributing said fund among the creditors of the said corporation. That the said commissioners were directed and ordered to use said funds for the payment of all the debts of the said Woodworth Lumber Company, Limited, as far as said funds would go; that said commissioners signed checks in blank and left them with the said

Blanks for the purpose of paying all the creditors of the said corporation 50 cents on the dollar, except the costs of court and the labor claims, which were to be paid in full; that two of petitioners, to-wit: C. W. Sheets and A. H. Hoot, had a lien and privilege, as laborers, for the amount of their claims on the lumber owned by the said Woodworth Lumber Company, Limited, and sold by said commissioners.

That there were no other privileges whatever against said fund, but that all privileges and rights of preference were relinquished and abandoned by all of the creditors who agreed to accept 50 cents on the dollar in settlement of their claims, including petitioners. That R. B. Blanks, individually, and as president of the M. & F. Bank of Monroe, acting by the authority of said commissioners, proceeded to distribute said funds in violation of his agreement, and the agreement entered into by all of the creditors of the said company, but refused and failed to pay petitioners any part of said fund, and the said commissioners had failed to pay anything to petitioners, notwithstanding amicable demand.

That the said R. B. Blanks and the said commissioners illegally and unfairly paid to the M. & F. Bank, out of said funds by check dated May 21st, 1898, $39,993.39 in payment of nine promissory notes, all dated March 1, 1897, at the same time, and in pursuance of the same agreement ,that the notes were signed in favor of the Bank; that the said notes bore no privilege whatever on said funds; that only three of said notes were due at the time of said payment; that the nine notes aggregated $39,993.39, and that the amount, for which the commissioners and R. D. Blanks gave the bank a check, exceeded the entire principal of said notes by $60.12.

That the said M. & F. Bank and R. B. Blanks received the further amount of $8000 from the Eau Claire St. Louis Lumber Company as a bonus on the sale of the property of the Woodworth Lumber Company, Limited, in addition to the purchase price paid by said commissioners; that the attempt to pay said amount of the said funds to the M. & F. Bank was illegal, wrongful and a fraud upon petitioners' rights, and was done for the purpose of giving the said M. & F. Bank an unjust and unlawful preference and advantage over the other creditors of the said Woodworth Lumber Company, Limited.

That the said R. B. Blanks, individually, and as president of the M. & F. Bank, agreed to act and did act as the agent of the said commissioners in the distribution of said funds, and he and the said bank

were liable *in solido* to petitioners for their rightful and legal share of said fund.

That they were informed and believed, that the said R. B. Blanks had paid a *pro-rata* share of said funds to all of the creditors of the said Woodworth Lumber Company, Limited, except petitioners. That the said M. & F. Bank, under the agreement entered into by all the creditors prior to the sale, was entitled to only fifty per cent. of its claims, to-wit: the sum of nineteen thousand seven hundred and sixty-six 63-100 dollars, and that the balance of the amount assumed to be transferred to said M. & F. Bank still belonged to the Woodworth Lumber Company, Limited, and the commissioners thereof, for the benefit of all its creditors.

That in pursuance of the agreement entered into by all the creditors, except the labor claims and costs aforesaid, all the attachment and other suits against the Woodworth Lumber Company, Limited, were dismissed and the property released, and all claims and mortgages whatsoever were cancelled and erased, thus placing all creditors on a plane of exact equality.

That said commissioners had disposed of said funds illegally; that they turned the same over to said R. B. Blanks individually and as president of the said M. & F. Bank, with a book of checks signed in blank, for the purpose of giving said Blanks and said bank an unfair and unjust preference and advantage over petitioners, and to defeat their rights and claims against said funds.

In view of the premises, they prayed that C. S. Woodworth, C. E. Haydon, R. B. Blanks and the Merchants and Farmer's Bank of Monroe, be cited to appear and answer hereto; that on final trial petitioners have and recover judgment against said defendants, *in solido,* for fifty per cent. of their respective claims above set forth against the Woodworth Lumber Company, Limited, with legal interest from May 23rd, 1898; that said Woodworth and Haydon be ordered and compelled to file a full and correct tableau and account of the funds received by them for the sale of the property of the Woodworth Lumber Company, and that said R. B. Blanks and said Merchants and Farmer's Bank be ordered to return and distribute among the creditors of Woodworth Lumber Company, Limited, all the funds deposited by said commissioners in said bank on May 21st, 1898, and to pay over to petitioners their legal and just share of said funds.

They further prayed for all such further orders and decrees and

proceedings as may be necessary to place them on an equal footing with the other creditors of the Woodworth Lumber Company, Limited, and for all costs and for general relief.

Defendants excepted that plaintiffs' petition disclosed no cause of action, and that if it did the cause of action was long since prescribed; they further pleaded estoppel.

The District Court overruled the pleas of *res judicata* and estoppel, and sustained their plea of no cause of action and prescription, and plaintiffs appealed.

## OPINION.

The defendants filed in the Supreme Court a motion to dismiss the appeal on the ground that the court was without jurisdiction *ratione materiae*. They claim that the action brought is a revocatory action and that the aggregate amount of the complaining creditors' claim being less than two thousand dollars, the Supreme Court has no jurisdiction. We do not consider the action a revocatory action, though there are allegations of unjust preference having been given and of wrong doing. The claim asserted is that certain commissioners were appointed to liquidate the affairs of the Woodworth Lumber Company, that eighty thousand dollars went into their hands, proceeds of the sale of the property of the company, constituting a fund for the payment of its creditors. That the creditors are entitled to have them render an account of this fund, and they demand that such an account should be rendered. It is incidentally alleged that a sum largely over two thousand dollars has been illegally placed in the hands of the co-defendants who have wrongfully applied it to the payment of their own claim against the company to the prejudice of the plaintiffs.

The object of the demand is to have the commissioners render an account in the premises and to have returned to them, for the purposes of liquidation, an amount largely in excess of two thousand dollars which it is declared has been illegally taken from the funds in the hands of the commissioners. In other words it is an action for a fund sufficient in amount to give this court appellate jurisdiction over matters in dispute respecting its distribution. If the parties be liable in law to render an account in the premises, it is the right of every

creditor to demand the rendering of the account independently of any question as to whether it be large or small, or what the amount to be received by him as the result of the accounting will be. (Succession of Duffy, 50 Ann. 795.)

We are not called upon, on the motion to dismiss this appeal, for "want of jurisdiction" to examine into the question whether the party claiming to have the account rendered be entitled to such account. That will come up later.

. We do not think the appeal should be dismissed. The motion to dismiss is denied and the appeal is maintained. If the plaintiffs' allegations be true, we think they are entitled to demand an account at the hands of the commissioners. The plaintiffs are entitled to have the amount placed in their hands legally accounted for. The rights and liabilities of all parties can be more speedily and properly ascertained and liquidated in this form than in any other. We think the District Court should have taken up the exception of no cause of action first and separately from any other exception. Having sustained the exception of no cause of action it should not have passed upon the exception of prescription on the face of the papers. Bringing up a number of rulings upon exceptions other than that made upon the want of cause of action may give rise to complications which should be avoided. For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be, and the same is, hereby annulled, avoided .and reversed, the exception of prescription is reinstated to be hereinafter reversed, the exception of prescription is reinstated to be hereinafter passed upon and the cause is remanded for further proceedings according to law. Costs of appeal to be borne by appellee.

Rehearing refused.