## CITY OF GRETNA v. GOSSERAND.*
### No. 16963.

Court of Appeal of Louisiana. Orleans.
May 16, 1938.

Andrew H. Thalheim, of Gretna, for appellant.

Louis H. Gosserand, of New Orleans, in pro. per.

McCALEB, Judge.

The City of Gretna brought this suit against Louis H. Gosserand, its former attorney, for an accounting.

The petition and exhibits attached thereto reveal the following facts:

On September 17, 1931, the City of Gretna adopted Ordinances Nos. 541 and 542 whereby it accepted certain drainage and paving work on Lafayette avenue and on Second street which had been constructed by the Hardaway Contracting Company under a contract dated March 23, 1931. Under prior Ordinance No. 498, the city, in conformity with Act No. 3 of the Extra Session of the Louisiana Legislature of 1929, had assessed the cost of this work against the owners of the real estate abutting on Second street and on Lafayette avenue on September 18, 1931, Ordinance No. 545 was enacted which provided, in substance, that the defendant, Louis H. Gosserand (who was then the City Attorney), be employed to attend to all legal matters in connection with the paving and drainage work at a fee fixed at 1½ per cent. of the total cost thereof.

*Rehearing denied June 13, 1938.

and further that he be "authorized, empowered and directed to collect all of the Second St. and Lafayette Ave. Paving assessment and to make settlement with the contractor, the Hardaway Contracting Company of Columbus, Georgia, and all other persons having claims resulting from the paving project * * *."

It is alleged that, in accordance with the foregoing ordinance, the defendant accepted the contract of employment and undertook to collect the assessments from the land owners and that he received, as his compensation for the services performed, payments amounting to 1½ per cent. of the assessments. It is further averred that, during the year 1935, the Hardaway Contracting Company, being entitled to receive the proceeds of the collections made by the defendant from the property owners, made demand upon the city under its contract with it for a balance due of $958.60; that the city, acting through its proper officials, communicated with the defendant and requested a complete report and accounting of all sums collected by him, either in cash or by means of certificates from the property owners; that the defendant has failed and neglected to furnish the same; that, later, suit was filed against the city by the Hardaway Contracting Company claiming a balance due of $958.60; that it, after the action was filed, again demanded that the defendant give it an account in order that it might obtain sufficient information to defend the suit but that, notwithstanding, the defendant failed and refused to do so.

The petition concluded with a prayer that the defendant be compelled to account to it for all sums collected by him by virtue of his employment and that, in case he is unable to do so, it have judgment against him for the sum of $958.60.

To this petition, the defendant appeared and filed exceptions of nonjoinder of parties defendant, vagueness and no right or cause of action.

After hearing on these exceptions, the trial judge sustained them and dismissed the plaintiff's action as of nonsuit. Hence this appeal.

■ The defendant claims that there is a nonjoinder of parties because Ordinances Nos. 541 and 542 provide that no funds could be disbursed from the checking account of the City of Gretna without the signature of the mayor. He argues from this premise that the mayor should be made a party defendant to the proceeding. The point is without merit. The duty was imposed upon the defendant alone to make collection of the assessments from the property holders and the gravamen of the petition is to compel him to account to it for the money handled by him. It is of no moment that, after he had deposited moneys in the bank for the city's account, the signature of the mayor was required in order that the funds be disbursed.

■ The next contention is that the petition is vague because it alleges that the defendant should furnish the plaintiff with a "satisfactory and acceptable" account. It is said that the words "satisfactory and acceptable" are indefinite. We do not think so. It is obvious that the account to be furnished by the defendant is not one which must be satisfactory and acceptable to the plaintiff but one which the court considers to be a sufficient compliance with the duty imposed upon him under the contract of employment.

■■ The defendant further maintains that the petition fails to set forth a right or cause of action, but no valid grounds are set forth either in oral argument or in brief to support the contention. It seems too apparent for extended discussion that an employer is always entitled to have his agent account to him for the manner in which the mandate is executed. Indeed, the defendant here has not questioned this right of the plaintiff but has levelled his attack at the motives which prompted the plaintiff to bring the action, charging that it was instituted for the purpose of harassing him and that the officials of the city are well aware that he did not make all of the collections but that most of the property owners paid the assessments at the city hall. This postulation addresses itself to the merits of the case and not to the allegations of the petition which, for the purposes of the exception, must be taken as true.

■ Finally, the defendant suggests that, because, since the signing of the judgment sustaining the exceptions and dismissing plaintiff's suit, he has filed a complete written report of his agency in the record, the question before us is now moot. We are unable to follow this line of reasoning. The plaintiff was not bound to accept the statement filed by the defendant and it is entitled to have the court pass upon its sufficiency. The report was filed without authority of the judge and cannot be considered by us as our inquiry is limited to a review of the

judgment dismissing the suit on the exceptions.

We are of the opinion that the trial judge was in error in maintaining the exceptions filed by the defendant and they are hereby overruled.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this ·cause be remanded to the Twenty-Fourth judicial district court for the parish of Jefferson for further proceedings according to law and consistent with the views herein expressed. Cost of this appeal to be paid by the defendant, Louis H. Gosserand, other costs to await the final determination of the case.

Reversed and remanded.