LEMMON, Judge.
This is an appeal from a judgment maintaining an exception to the court’s jurisdiction over the subject matter and dismissing plaintiffs’ suit for an accounting.
Plaintiffs were employees of Gus Mayer Stores, Inc., an affiliate of Weiss Bros. Stores, Inc. In July, 1965 Weiss and its affiliates executed a “Profit Sharing Plan and Trust Agreement for Employees of Weiss Bros. & Affiliates”, whereby individual accounts were established for the benefit of each participant and contributions were made into the accounts from the employer’s profits.
In 1969 Warnaeo, Inc. purchased Gus Mayer Stores. Subsequently the funds from the particular accounts in the Weiss Bros. Profit Sharing Plan which pertained to Guy Mayer’s employees were taken out and merged with the Employee Retirement Plan II of Warnaeo, Inc. (Warnaeo II), a pension plan which covered only Gus Mayer’s employees, the merger being effective on December 30, 1972.[1] The Warnaeo II plan provided the employees with a choice of two types of retirement benefits, one based on the employee’s transferred account balance increased at a stated rate of interest and the other based on a percentage of earnings multiplied by years of service (including Gus Mayer service).[2] Warnaeo thereafter made contributions to the pension plan.
In April, 1974 Dac Stores, Inc. purchased Gus Mayer Stores and appointed a Tennessee bank to act as trustee of the pension plan’s trust fund. The plan was continued under a different name until it was termi *188 nated, effective June 30, 1975, by the order of a federal district court in Tennessee, rendered in response to a petition filed by Gus Mayer Stores under 29 U.S.C. 1342(f) [Section 4042(f) of the Employee Retirement Income Security Act of 1974 (ERI-SA)]. The federal court eventually appointed the Pension Benefit Guaranty Corporation as successor and substitute trustee and allowed the Tennessee bank to resign as trustee upon the submission of an accounting.
Plaintiffs filed this suit for an accounting in state court in October, 1975, after the filing of the petition for termination of the plan. The suit complains that no accounting had been rendered to plaintiffs since the Participation Statement of January 2, 1972 and demands a full and complete accounting of all funds vested in plaintiffs and members of their class and a judgment against defendants “for all losses to those vested amounts”.
Among other things Warnaco and Frederick W. Robinson (the treasurer for the Trustees of Warnaco II) filed an exception to the jurisdiction over the subject matter, which was maintained. The trial court noted in maintaining the exception filed by those two defendants that Section 4042(f) vested exclusive jurisdiction of the action in the Tennessee federal district court.
On appeal plaintiffs argue that their suit seeks an accounting of Warnaco’s and Robinson’s handling of funds prior to January 1, 1974 and that 29 U.S.C. 1144, providing that the provisions of Title IV of ERISA supersede state laws, expressly does not apply to an act or omission which occurred prior to January 1, 1975.[3]
Plaintiffs’ argument might be appropriate if their suit alleged facts that constituted an unauthorized act by defendants or a breach of defendants’ fiduciary duty which occurred prior to January 1, 1975. However, this suit simply asks for an accounting and for a judgment for all losses, without specifying any dates or improper acts. Thus, while the state court would perhaps have jurisdiction to award damages for any of plaintiffs’ losses which were caused, for example, by defendants’ unauthorized transfer of the profit sharing plan funds into a pension plan prior to January 1,1975, this suit is not one for damages. Nor is this suit one to recover funds that were due to plaintiffs and wrongfully withheld at the termination of the profit sharing plan in 1972. There is therefore nothing in the factual pleadings or evidence in this case which would make applicable the terms of 29 U.S.C. 1144(b)(1) to exclude the action from the terms of Title IV of ERISA.
Plaintiffs’ other arguments are similarly tainted by their failure to state specific acts and to demand damages. Plaintiffs’ Point II states their suit is “to recover benefits due to such employees under the terms of the profit sharing plan” (profit sharing plans are specifically excluded from coverage under ERISA), but the pleadings make no such demands. Moreover, all parties agree the profit sharing plan was terminated in 1972, and if the funds were properly transferred into the pension plan, an action to recover benefits under the pension plan, after a petition for termination of the plan has been filed, is clearly one for which jurisdiction is vested exclusively in the federal court to which the application for termination was made.[4] Obviously, the allowance of multiple suits in various jurisdic *189 tions would frustrate the orderly process of termination and the distribution of benefits as contemplated by the statute.
Plaintiffs may have a cause of action cognizable in the federal court in Tennessee to recover their “vested” pension benefits from the property of the terminated pension plan or from the Pension Benefit Guaranty Corporation. Or plaintiffs may have a cause of action cognizable in state court for funds which should have been distributed to the participants when the profit sharing plan was terminated and which were utilized for other purposes improperly and without authorization. But they have no action in state court for an accounting for funds in a pension plan covered by ERISA after a petition for termination has been filed in federal court. Plaintiffs have been rendered an accounting as to the original profit sharing plan, and unless they allege some basis for attacking the transfer of funds from the profit sharing plan to the pension plan, they have no right to demand an accounting for these funds except in the Tennessee federal court.

AFFIRMED.

. According to a stipulation between plaintiffs and the trustee for the Weiss Bros. Profit Sharing Plan, that plan terminated upon merger with Warnaeo II and was superceded by War-naco II. The trustee of the terminated plan rendered a final accounting in January, 1973, setting forth the value of the account balances of each participant on the date of the merger.

. Neither the Weiss Bros. Profit Sharing Plan nor the Warnaeo II plan were introduced into evidence, and no testimony was offered. The operative facts stated in this opinion are taken from undisputed statements in the briefs filed by the parties.
It is also conceded by the parties that the former was a profit sharing plan of the type expressly excluded from coverage under ERISA and the latter is a pension plan of the type covered by ERISA.

. 29 U.S.C. 1144 provides in pertinent part:
(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.
* * * * * *
(b)(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.

. Plaintiffs’ brief hints throughout that the funds from the pension plan should have been distributed at the plan’s termination, but were improperly used to fund the Warnaco II pension plan. However, no allegations in the pleadings or facts in the evidence were directed at any type of relief based on such a theory.