MARCUS, Justice.*
Plaintiffs were employees of Gus Mayer Stores, Inc., an affiliate of Weiss Bros. Stores, Inc. In July 1965, Weiss and its affiliates executed a “Profit Sharing Plan and Trust Agreement for Employees of Weiss Bros. Stores, Inc. & Affiliates,” whereby individual accounts were established for each participant and the employer made contributions to those accounts based on the corporation’s profits.
In 1969, Warnaco, Inc. purchased the Gus Mayer stores. On December 30, 1972, the assets of the individual accounts of the Gus Mayer employees were merged into a trust fund known as the Employee Retirement Plan II of Warnaco, Inc., a pension plan which covered only Gus Mayer employees. The Warnaco pension plan provided the employees with retirement benefits equal to the greater of (1) a percentage of the employee’s earnings multiplied by his years of service, or (2) the employee’s account balance as transferred from the Weiss profit sharing plan, increased by a stated rate of interest. Thereafter, Warnaco made contributions to the pension plan.
On April 12, 1974, Warnaco sold the Gus Mayer stores to DAC Stores, Inc. and DAC appointed a Tennessee bank to act as trustee of the pension plan’s trust fund. The Warnaco pension plan was continued under the name of Gus Mayer Stores, Inc. Pension Plan until it was terminated effective June 30, 1975 by order of the United States District Court for the Western District of Tennessee. The termination was made pursuant to Section 4042(f) of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1342(f) (1976)), which provides federal courts with exclusive jurisdiction over termination of pension plans. The federal court appointed the Pension Benefit Guaranty Corporation (PBGC) as successor and substitute trustee of the Gus Mayer Pension Plan and allowed the Tennessee bank to resign as trustee of the pension plan upon its submission of an accounting.
Plaintiffs filed this suit for an accounting in state court on October 9, 1975. In their petition, plaintiffs contended no accounting had been rendered to them since January 2,1972, and they demanded a full accounting of all funds vested in plaintiffs and a judgment against defendants for all losses to those vested amounts. Defendants Warnaco and Frederick W. Robinson, treasurer for the trustees of the Warnaco pension plan, filed an exception to the state court’s jurisdiction over the subject matter, contending that Section 4042(f) of ERISA vests exclusive jurisdiction of this action in the Tennessee federal district court. The trial court maintained the exception and dismissed plaintiff’s suit. The court of appeal affirmed,[1] stating that plaintiffs had not alleged facts sufficient to show an unauthorized act or a breach of fiduciary duty *767 by defendants which occurred prior to January 1, 1975, and because 29 U.S.C. § 1144 (1976) states that ERISA supersedes state laws as to acts or omissions which occur after January 1, 1975, plaintiffs had failed to show that the state courts had jurisdiction over this subject matter; in essence, that this action for an accounting could only be brought in the Tennessee federal court that administered the termination of the pension plan. We granted writs to review the correctness of this decision.[2]
29 U.S.C. § 1144 (1976) provides in pertinent part:
(a) Except as provided in subsection (b) of this section, the provisions of this sub-chapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.
(b)(1) This section shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975.
Plaintiffs contend their suit seeks an accounting of the funds handled by defendants Warnaco and Robinson prior to January 1, 1975, and because 29 U.S.C. § 1144 expressly provides that the provisions of Title IV of ERISA do not apply to acts or omissions which occurred prior to January 1, 1975, it was error to dismiss their suit on the ground of a lack of jurisdiction over the subject matter. We agree.
ERISA was enacted by Congress to protect individual pension rights by establishing minimum standards for the regulation of private retirement plans. Martin v. Bankers Trust Company, 565 F.2d 1276 (4th Cir.1977). To have one’s case heard in a federal forum, a plaintiff must show that he has a cause of action under ERISA. Martin, supra. While 29 U.S.C. § 1342(f) grants federal courts exclusive jurisdiction over termination of pension plans that come within the provisions of ERISA, nothing in the act indicates an intention on the part of Congress to grant the federal courts exclusive jurisdiction over actions arising out of the prior administration of a terminated pension plan when such action is not directly related to assets of the plan in the possession of the plan’s trustee. Gus Mayer Stores, Inc. v. Gus Mayer Stores, Inc., No. BK 75-717 (W.D.Tenn. Apr. 1, 1976).
The object of plaintiffs’ demand is to have Warnaco render an accounting. This demand is based upon alleged neglect and breach of a fiduciary duty by Warnaco while Warnaco controlled funds belonging to plaintiffs. We are not called upon, on review of this exception to dismiss for lack of jurisdiction, whether plaintiffs are entitled to such an accounting. See Sligo Iron Store Co. v. Blanks, 105 La. 663, 30 So. 115 (1901).
Plaintiffs’ demand for an accounting from Warnaco does not involve the assets of the pension plan presently in control of the PBGC, the trustee in charge of termination. Rather, the demand for an accounting concerns a transfer of funds by Warnaco occurring “on or about December 30, 1972,” and all alleged wrongful activity by Warnaco is alleged to have occurred before April 12, 1974. Thus, ERISA is not applicable in a review of those activities because 29 U.S.C. § 1144 excludes those activities occurring prior to January 1,1975 from the provisions of ERISA. We believe 29 U.S.C. § 1132(aXl)(B) and § 1132(e)(1) support our finding that the state court has concurrent jurisdiction with the federal courts to hear plaintiffs’ demand for an accounting:
(a) A civil action may be brought-
(1) by a participant or beneficiary-
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(e)(1) Except for actions under subsection (a)(1)(B) of this section, the district *768 courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(lXB) of this section.
Hence, the courts below erred in holding the state courts were without jurisdiction to entertain plaintiffs’ demand for an accounting.
DECREE
The judgment of the court of appeal is reversed; the exception to the state court’s jurisdiction over the subject matter filed by Warnaco, Inc. and Frederick W. Robinson is overruled and the case is remanded to the district court for further proceedings consistent with this opinion.

The Honorable Gerald P. Federoff participated in this decision as an Associate Justice Ad Hoc in place of Associate Justice Harry T. Lemmon, who was recused.

. 378 So.2d 186 (La.App. 4th Cir.1979).

. 381 So.2d 1222 (La. 1980).