938 So.2d 999 (2006)
WALSH & BAILEY
v.
Matthew T. LOFASO.
No. 2005-CA-1476.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Rehearing Denied September 19, 2006.
*1000 William H. Cooper, Jr., Baton Rouge, for Appellant.
Randall E. Estes, Baton Rouge, for Appellee.
Panel composed of Ad Hoc Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY.
JAMES L. CANNELLA, Judge Ad Hoc.
The Plaintiff, Walsh & Bailey, appeals from a judgment granting a peremptory exception of no cause of action filed by the Defendant, Matthew T. Lofaso. We reverse and remand.
The Plaintiff filed a Petition for Accounting in November of 2004. The petition asserted a claim to certain legal fees allegedly owed to the Parish by the Defendant, an attorney initially employed by O'Neal Walsh, and then by the Plaintiff, from March of 2000 until February of 2004. The petition also seeks disclosure of the status of the relevant cases. The Defendant responded with an exception of no cause of action, contending that a petition *1001 for accounting is the improper vehicle for discovering the status of the cases, and that it is only an attempt to conduct discovery. The Defendant asserted that the Plaintiff's remedy is by intervention in the individual lawsuits in which the law firm claims an interest.
The matter was heard on February 14, 2005 and the exception was granted on February 18, 2005. The Plaintiff filed a motion for new trial on March 1, 2005, which was denied on April 18, 2005.
On appeal, the Plaintiff argues that the trial judge erred in granting the exception of no cause of action. Alternatively, it contends that the trial judge erred in failing to allow it to amend the pleadings prior to dismissing with prejudice the lawsuit. The Plaintiff further contends that the trial judge erred by considering the Plaintiff's counsel's failure to appear as a factor in dismissing its suit, given the circumstances surrounding the "failure to appear." The Plaintiff also contends that the trial judge erred in denying its motion for a new trial.
CAUSE OF ACTION
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Ramey, 869 So.2d at 118; Everything on Wheels Subaru, Inc., 616 So.2d at 1235; Rebardi v. Crewboats, Inc., 04-0641 (La. App. 1st Cir.2/11/05), 906 So.2d 455, 457.
Louisiana has a system of fact pleading. La. C.C.P. art. 854 cmt. (a); Ramey, 869 So.2d at 118. Therefore, although it is not necessary for a plaintiff to plead the theory of his case in the petition, mere conclusions unsupported by facts do not state a cause of action. Id.
Generally, no evidence may be introduced to support or controvert the exception raising the objection of no cause of action. La. C.C.P. art. 931; Ramey, 869 So.2d at 118; Rebardi, 906 So.2d at 457. In addition, all facts pled in the petition must be accepted as true, and any doubts are resolved in favor of the sufficiency of the petition to state a cause of action. Ramey, 869 So.2d at 118; Rebardi, 906 So.2d at 457. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Ramey, 869 So.2d at 118; Rebardi, 906 So.2d at 457. If the petition alleges sufficient facts to establish a case cognizable in law, the exception raising the objection of no cause of action must fail. Rebardi, 906 So.2d at 457. Furthermore, when a petition states a cause of action as to any ground or portion of a demand, the exception should be overruled. Ramey, 869 So.2d at 119; Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co. of Texas, 99-1728 (La.App. 1st Cir.9/22/00), 767 So.2d 949, 952.
Appellate courts review de novo a judgment sustaining a peremptory exception raising the objection of no cause of action. Ramey, 869 So.2d at 119; Rebardi, 906 So.2d at 457. This is because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Ramey, 869 So.2d at 119; Rebardi, 906 So.2d at 457.
In reviewing the petition to determine whether a cause of action has been stated, the court must, if possible, interpret it to maintain the cause of action. Livingston Parish Sewer Dist. No. 2, 767 *1002 So.2d at 952. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Id.; Ramey, 869 So.2d at 119.
When the court finds that the exception of no cause of action should be granted, but also finds that the grounds of the objection may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934. If the grounds of the objection raised through the peremptory exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. Id.
According to the petition, the Defendant was entitled to "a bonus of Fifty Percent (50%) of all fees generated by any plaintiff cases he brought into the firm; and he was also responsible for Fifty Percent (50%) of all costs incurred by WALSH & BAILY in such cases where no fee was generated or received." The petition next asserts that the plaintiff "desires that Defendant . . ., render a full accounting of all plaintiff cases for which he was entitled to a fee during his employment." In the next paragraph, the Plaintiff states that it "attaches discovery requests and asks that Defendant . . ., be ordered to produce his answers to the Interrogatories and responses to the Requests for Production of Documents attached hereto within fifteen (15) days from the date of service."
The Plaintiff refers to extraneous facts in explanation as to why the law firm cannot intervene in the lawsuits at this point in the proceedings. It asserts that the law firm lacks sufficient information to name with particularity each and all of those cases that are at issue due to those facts. We cannot consider facts that are not in the petition in resolving the exception of no cause of action.
The Plaintiff also cites City of Gretna v. Gosserand, 181 So. 214 (La.App.1938), the only case directly on point in support of his position that he has asserted a cause of action. There the court concluded that the petition for accounting is a proper procedural vehicle for an employer to have his "agent account to him for the manner in which the mandate is executed." Id. at 215. We have found only two other cases in which petitions for accounting were filed that did not involve domestic or succession matters. However, in neither of the cases did the defendant or the court raise the issue of no cause of action relative to the petition for accounting. In J.R. Quaid, Inc. v. Cyclone Fence Co., 226 La. 398, 76 So.2d 409 (La.1954), a petition for accounting was filed by a distributor of certain products for an accounting of commissions and for proper credit for materials which were defective, inferior, and unsuitable. The issue was resolved on the merits. In Tagliaferri v. Weiss Bros. Stores, Inc., 388 So.2d 765 (La.1980), the defendant's employees brought suit for accounting regarding their interest in their pension plan. The issue in that case was subject matter jurisdiction.
In this case, we find that nothing in the law precludes a party from instituting a lawsuit to force another to account for his handling of funds owed to the other in cases not involving domestic or succession issues. We conclude that such a petition can state a cause of action, presuming that it is properly pled.
In this case, the "cause" or operative facts upon which the "action" for accounting is based is the allegation that there exists a contractual obligation on the part of the Defendant to the Plaintiff. The "action" upon which the "cause" is based, is for the accounting to Plaintiff of the status of those cases. As set out in the prayer, the damages are for payments of the sums that have been recovered by the *1003 Defendant and are due to the Plaintiff. Therefore, we find that the petition states a cause of action.[1]
The Defendant asks this court to award attorney's fees for the appeal. However, the Defendant has failed to cite any authority for the award of attorney's fees in this type of case. It is well established that in the absence of legal authority, contract or statute, a party is not entitled to attorney's fees. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La.1984); Silliman Private School Corp. v. Shareholder Group, 01-0964 (La.App. 1st Cir.5/10/02), 819 So.2d 1088, 1092. Therefore, Defendant's request is denied.
Accordingly, the judgment of the trial court is hereby reversed. The case is remanded for further proceedings. Costs of the appeal are to be paid by the Appellee.
REVERSED AND REMANDED.
NOTES
[1] We note that although the requests for interrogatories and production of documents are properly attached to the petition, discovery requests are not made part of the petition as they assert no facts.