923 So.2d 726 (2005)
STATE of Louisiana
v.
Virginia DOWNS.
No. 2004 KW 2402.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
Doug Moreau, District Attorney, Dylan C. Alge, Baton Rouge, Counsel for Respondent State of Louisiana.
George Randy Trelles, Baton Rouge, Counsel for Relator Virginia Downs.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
*727 DOWNING, J.
This writ application concerns whether the trial court erred in denying the relator, Virginia Downs's, motion in limine to exclude from evidence certain medical records. For the following reasons, we reverse the trial court's ruling that denied relator's motion in limine and remand this matter to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
Relator is charged by misdemeanor bill of information with operating a vehicle while intoxicated, first offense (count 1), a violation of La. R.S. 14:98(B); careless operation (count 2), a violation of La. R.S. 32:58; and safety belt use required (count 3), a violation of La. R.S. 32:295.1(A). Relator filed a motion to suppress in which she sought suppression of any and all blood-alcohol tests obtained in this matter on the grounds that the tests were taken in violation of La. R.S. 32:661 et seq. and were taken in violation of her constitutional rights. Relator also sought suppression of any and all statements given by her as they were given in violation of her constitutional rights.[1] Relator filed a motion in limine to exclude introduction of relator's medical records from evidence on the ground that the State failed to comply with the Health Insurance Portability and Accountability Act (HIPAA) of 1986, 45 C.F.R. § 160.300 et seq., and La. R.S. 13:3715.1(B)(1), Louisiana's statute pertaining to obtaining medical or hospital records. The trial court denied relator's motion in limine, and relator filed an application for supervisory writs, seeking review of the district court's ruling. This Court issued a writ of certiorari to determine if the district court erred when it denied the motion in limine and ordered the parties to file briefs and appear for oral argument.
During the motion in limine hearing, no evidence was introduced and no witnesses testified at the hearing. During argument, counsel stated that on the date of the instant offense,[2] an officer was dispatched to the scene of a one-car accident. Relator was being loaded into an EMS vehicle when the responding officer arrived. Relator was transported to Earl K. Long Hospital. The District Attorney's Office issued a "D.A. subpoena" to request relator's medical records from Earl K. Long. According to relator's application, the D.A. "resorted to a `District Attorney subpoena' unsupported by a court order or an affidavit required by 13:3715.1(B)(1)" to secure the results of relator's blood test performed at the hospital. Relator alleges that no notice of the application of the proposed subpoena was given and no court order accompanied the subpoena served on Earl K. Long Hospital.
At the hearing on the motion in limine, relator's attorney argued that the officer did not conduct any field sobriety tests and he did not take any blood at the time of the incident. Relator argued that the "D.A. subpoena" violates the privacy rule under HIPAA and that the HIPAA preemption rule applies to the Louisiana health care provider privilege according to United States ex rel. Stewart v. Louisiana Clinic, 2002 WL 31819130 (E.D.La.12/12/02), an unpublished case from the United States District Court. The State countered that Stewart was a civil case and not a criminal matter. The State asserted that because this is a criminal *728 matter, La.Code Evid. art. 510 C applies. This article provides that in a criminal proceeding, a patient has no privilege when the communication is a record of results of a blood-alcohol test taken from a person who is under arrest or who was subsequently arrested for an offense related to the test. See La.Code Evid. art. 510(C)(2)(d). It is the State's contention that there is nothing in HIPAA that requires exclusion of the test results from evidence at trial; relator does not have a right of action under HIPAA without filing a report with the Office of Civil Rights, Department of Health and Human Services, for enforcement; HIPAA obligations are on the health care provider only and not on the State, police or prosecutors; and the medical records were not obtained in violation of relator's constitutional rights.
During the hearing, the following dialogue took place concerning correcting the alleged defective subpoena:
The Court: Now, I don't think you need to but, to me, if I, even if I rule in Mr. Trellis' [defense counsel] favor, all you've got to do is turn around and follow this procedure and get it? ... And we'll be spinning our wheels here.
Mr. McAlpine [prosecutor]: That'll be the first thing I do, if you rule in Mr. Trellis' favor.
The Court: So I'm going to deny Mr. Trellis' motion.
Relator then sought writs in this Court. This Court issued an interim order ordering the State to respond and inviting the district court to issue a per curiam. The State responded and also filed a new motion and order to issue a subpoena pursuant to La. R.S. 13:3715.1 in the district court.

LAW AND DISCUSSION
HIPAA is a massive federal statute that consists of extensive regulations. These regulations identify and limit select entities' capacity to disclose patients' medical records. The implementation of these regulations applies to the following: (1) a health plan; (2) a health care clearinghouse; and (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by these regulations. See 45 C.F.R. §§ 160.102 and 164.104. These regulations provide limited circumstances when disclosures are permitted for judicial and administrative proceedings. See 45 C.F.R. § 164.512.
A covered entity may disclose protected health information in any judicial proceeding in response to a subpoena that is not accompanied by an order of a court, the situation in the instant case. However, the subpoena must meet certain specifications pursuant to 45 C.F.R. § 164.512(e) as follows:
(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
* * *
(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

*729 (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.
(iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protecting health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
(A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);
(B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
(C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
(1) No objections were filed; or
(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.
(Emphasis added.)
Louisiana's statute concerning disclosure of medical and hospital records, La. R.S. 13:3715.1(B), provides that disclosure by a health care provider of medical, hospital, or other records relating to a person's medical treatment shall be exclusively pursuant to La. R.S. 40:1299.96 or La.Code Evid. art. 510 "or a lawful subpoena or court order." (Emphasis added). Section (B) of La. R.S. 13:3715.1 provides, in pertinent part, that the "lawful subpoena" must be obtained in the following manner:
(1) A health care provider shall disclose records of a patient who is a party to litigation pursuant to a subpoena issued in that litigation, whether for purposes of deposition or for trial and whether issued in a civil, criminal, workers' compensation, or other proceeding, but only if: the health care provider has received an affidavit of the party or the party's attorney at whose request the subpoena has been issued that attests to the fact that such subpoena is for the records of a party to the litigation and that notice of the subpoena has been mailed by registered or certified mail to the patient whose records are sought, or, if represented, to his counsel of record, at least seven days prior to the issuance of the subpoena; and the subpoena is served on the health care provider at least seven days prior to the date on which the records are to be disclosed, and the health care provider has not received a copy of a petition or motion indicating that the patient has taken legal action to restrain the release of the records. If the requesting party is the patient or, if represented, the attorney for the patient, the affidavit shall state that the patient authorizes the release of the records pursuant to the subpoena. No such subpoena shall be issued by any clerk unless the required affidavit is included with the request.
In addition to the aforementioned requirements, the records produced shall contain a certificate by the health care provider or "other qualified witness" stating that the copy of the records is a true copy of the records requested in the subpoena and that the health care provider prepared the *730 records in the ordinary course of the health care provider's business "at or near the time of the act, condition, or event." La. R.S. 13:3715.1(E)(1) & (2).
According to argument at the motion in limine, the original subpoena in the instant case was not compliant with La. R.S. 13:3715.1. However, the State subsequently attempted to comply with the requirements of La. R.S. 13:3715.1 by filing an "Order for Subpoena Duces Tecum Under the Provisions of 13:3715.1," after this Court issued an order to the State to file a response and invited the district court to issue a per curiam. The new subpoena was addressed to Our Lady of the Lake Hospital and not to Earl K. Long Hospital, where the tests that are the subject of this writ application were taken.
Any requirement under HIPAA that is contrary to a provision of state law supercedes that provision of state law. "Contrary," as defined under the regulations, means that "[a] covered entity would find it impossible to comply with both the State and federal requirements...." 45 C.F.R. § 160.202(1). It does not appear that it would be impossible to comply with both the federal and State [La. R.S. 13:3715.1(B)(2)] requirements in the instant case.
The present case deals with the records of a party to the litigation. The portions of La. R.S. 13:3715.1 that are applicable concerning the records of a party to the litigation are similar to the requirements of HIPAA under 45 C.F.R. § 164.512. HIPAA provides that a covered entity may disclose protected health information in the course of any judicial proceeding in response to a subpoena unaccompanied by a court order if reasonable efforts have been made by the party requesting the information to ensure that the patient has been given notice of the request. 45 C.F.R. § 164.512(e)(1)(ii)(A). La. R.S. 13:3715.1(B)(1) provides that a healthcare provider shall disclose records of a patient who is a party to the litigation pursuant to a subpoena issued if the health care provider has received an affidavit that the subpoena is for records of a party to the litigation and notice of the subpoena has been mailed by registered or certified mail to the patient or his/her attorney at least seven (7) days prior to issuance of the subpoena. Both HIPAA and La. R.S. 13:3715.1 implement a notice requirement to the patient whose records have been requested. In the alternative, under HIPAA, the party seeking the information must secure a qualified protective order, which does not appear to have been done; thus, this portion of HIPAA is not applicable in the present case.
Concerning the notice requirement under HIPAA, a good faith attempt to give notice is required. Notice must include details about the litigation to allow the patient an opportunity to object to the court; the time for raising any objections must elapse; no objections must be filed or all objections filed by the patient must be resolved by the court before any disclosures are made; and the disclosures being sought must be consistent with such resolution by the court. 45 C.F.R. §§ 164.512(e)(1)(iii)(B), 164.512(e)(1)(iii)(C)(1) and (2). La. R.S. 13:3715.1(B) also implicitly indicates that the patient is given an opportunity to file any objections to production of the records. In addition, a contradictory hearing is held with the patient and his/her counsel, and only "after a finding by the court that the release of the requested information is proper" can the records be released to the party requesting the records. La. R.S. 13:3715.1 B(5). Louisiana's statute specifically provides that the subpoena must be served on the health care provider seven (7) days prior to the date on which the records are disclosed, *731 and the records may be disclosed if the provider has not received a copy of a petition or motion that the patient has taken legal action to restrain release of the records. La. R.S. 13:3715.1 B (1). Both HIPAA and La. R.S. 13:3715.1 allow objections from the patient and both provide resolution by the courts concerning disclosure. HIPAA and La. R.S. 13:3715.1 are not "contrary" to one another. Thus, La. R.S. 13:3715.1 B is not preempted by HIPAA.
Moreover, if relator's complaint is that a HIPAA violation occurred, relator should file a complaint against the covered entity that disclosed the information. The District Attorney's Office is not considered a covered entity under HIPAA. Pursuant to 45 C.F.R. §§ 160.102 and 164.104, HIPAA regulations apply only to a health plan, a health care clearinghouse, and a health care provider who transmits any health information in electronic form in connection with a transaction. HIPAA regulations do not apply to the District Attorney as the District Attorney is not a covered entity. Furthermore, an individual who believes his privacy rights have been violated may file a complaint with the Office of Civil Rights, Department of Health and Human Services, the federal agency that enforces the privacy regulations. See also 45 C.F.R. § 160.306.
This Court must now determine whether the State complied with La. R.S. 13:3715.1. The State did not introduce into evidence during the motion in limine hearing the original subpoena used to receive a copy of relator's records. However, the State later filed a motion and order to issue a subpoena in an attempt to comply with La. R.S. 13:3715.1, which contained the wrong health care provider, Our Lady of the Lake.
In State v. Mullins, 537 So.2d 386 (La. App. 4th Cir.1988), the defendant was convicted of the second-degree battery of the victim, his girlfriend. During an argument, the defendant broke the victim's nose. The victim went to the hospital for medical treatment and filed a criminal complaint. Defendant asserted that the trial court erred in admitting copies of the victim's medical records into evidence because the State failed to comply with the procedures in La. R.S. 13:3715.1. The appellate court agreed, but deemed the error harmless.
The Fourth Circuit noted that the State issued a subpoena duces tecum directed to the medical librarian of Plaquemines Parish General Hospital, ordering that the medical records of the victim be produced at the District Attorney's Office by a certain date. The records were produced and several weeks later, the State introduced them into evidence at trial. None of the requirements of La. R.S. 13:3715.1 were complied with, except arguably sections (E)(2) and (3). Mullins, 537 So.2d at 389. The Fourth Circuit found that La. R.S. 13:3715.1 is applicable to criminal and civil cases, stating,
Where, as in the case at bar, the State acquired medical records pursuant to a subpoena duces tecum served on a hospital, it could not introduce those particular records in evidence at trial. Of course the State was entitled to subpoena a copy of the records for trial preparation. But to introduce a copy of the records at trial the State should have issued a second subpoena directing the hospital to strictly follow the formalities prescribed in La. R.S. 13:3715.1, ... (Emphasis added.)
Id. The Fourth Circuit did not find that there was a problem with the fact that the State received the records by a subpoena that was not in compliance with R.S. 13:3715.1, but that the State sought to *732 introduce at trial records that were noncompliant with the statute. Thus, the trial court erred by admitting into evidence at trial, over the objections of the defendant, the medical records of the victim. However, the appellate court found that the error was harmless. Mullins, 537 So.2d at 389-91.
In the case at bar, the State has attempted to cure any defects that could have existed in the original subpoena by subsequently filing a motion to issue a subpoena duces tecum and securing an order for a new subpoena duces tecum under the provisions of La. R.S. 13:3715.1. The statute provides that the affidavit must attest to the fact that the subpoena is for the records of a party to the litigation and that notice has been mailed by registered or certified mail to the patient whose records are sought or to his/her attorney at least seven days prior to issuance of the subpoena. The order includes an affidavit, which states that the order for subpoena duces tecum was "personally served upon Randy Trellis, counsel for Virginia Downs, on or before the 24th day of January, 2005, which is at least seven (7) days prior to the return date." The statute provides for service by registered or certified mail, not personal service. The State provided personal service in the instant case. The State has also failed to address the subpoena to the correct health care provider. Although the State has attempted to cure the defects in the original subpoena duces tecum, the State has failed to issue a compliant subpoena.

DECREE
Accordingly, the trial court's ruling denying relator's motion in limine is reversed, and this matter is remanded to the district court for further proceedings.
WRIT GRANTED; CASE REMANDED.
NOTES
[1] The motion to suppress concerning relator's statements is not at issue in the current writ application.
[2] According to the bill of information, the date of the offense was December 16, 2003.