STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-810

AMY L. FOX

VERSUS

CITY OF ALEXANDRIA

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,912
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy H. Ezell, Judges.

AFFIRMED AND REMANDED.

Bobby L. Culpepper
Culpepper & Carroll, PLLC
525 East Court Avenue
Jonesboro, LA 71251
(318) 259-4184
Counsel for Plaintiff/Appellant:
    Amy L. Fox

Brandon A. Sues
Gold, Weems, Bruser, Sues & Rundell
P. O. Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
Counsel for Defendant/Appellee:
    City of Alexandria

GREMILLION, Judge.

The plaintiff, Amy L. Fox, appeals the trial court's judgment granting a peremptory exception of no cause of action in favor of the defendant, the City of Alexandria. For the following reasons, we affirm the exception as it pertains to Fox's Health Insurance Portability and Accountability claim. However, we remand the matter as we find that her petition has sufficiently stated a cause of action for invasion of privacy pursuant to Article 1, § 5 of the Louisiana Constitution.

## FACTS

Fox, a communications officer for Alexandria, filed the instant suit after her request for refinancing was delayed or denied based on information supplied by Alexandria to the mortgage company, Louisiana Mortgage Lenders. As part of its mortgage application, Louisiana Mortgage required information pertaining to the vacation and compensation time owed to Fox through her employment. Fox authorized Alexandria to release this information. In doing so, Mary Moore, an accountant with Alexandria, told Louisiana Mortgage that Fox was on sick leave, she had been on extended sick leave, she had undergone eye surgery, and that she did not think that Fox intended to return to work. Thereafter, Louisiana Mortgage refused or delayed Fox's mortgage application.

In her petition, Fox claimed that Moore violated the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. 1301, et seq., by disclosing any information other than that pertaining to her compensation and vacation time. She further sought damages for mental anguish and for all monetary damages she suffered as a result of her failure or delay in obtaining refinancing. Alexandria

1

answered and then filed a peremptory exception of no cause of action in which it argued that Fox had no cause of action against it under either the Social Security Act or HIPAA. Following a hearing, the trial court granted Alexandria's exception. This appeal by Fox followed.

## ISSUES

Fox raises three assignments of error on appeal. She argues that the trial court erred in finding that she did not have a cause of action pursuant to HIPAA, and that it erred by dismissing her suit in full rather than allowing her to amend her petition.

## EXCEPTION OF NO CAUSE OF ACTION

The standard of review pertaining to an exception of no cause of action was laid out by the court in *Johnson v. State of Louisiana*, 06-2024, p. 3 (La.App. 1 Cir. 6/8/07), __ So.2d __:

> The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Ramey v. DeCaire*, 2003-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118. In the context of the peremptory exception, a cause of action is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Id*. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. Consequently, a court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial on the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Id*.

> This court reviews a judgment of the trial court pertaining to an exception of no cause of action *de novo*. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *Ramey*, 2003-1299, at pp. 7-8, 869 So.2d at 119.

2

Even accepting that the facts pleaded in Fox's petition are true, we find that she has failed to state a cause of action pursuant to HIPAA. HIPAA was described in *State v. Downs*, 04-2402, p. 4 (La.App. 1 Cir. 9/23/05), 923 So.2d 726, 728:

> HIPAA is a massive federal statute that consists of extensive regulations. These regulations identify and limit select entities' capacity to disclose patients' medical records. The implementation of these regulations applies to the following: (1) a health plan; (2) a health care clearinghouse; and (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by these regulations. *See* 45 C.F.R.§§ 160.102 and 164.104. These regulations provide limited circumstances when disclosures are permitted for judicial and administrative proceedings. *See* 45 C.F.R. § 164.512.

As HIPAA only applies to health plans, health care clearing houses, or certain health care providers who transmit health information via electronic means, its regulations do not apply to Alexandria. Thus, we find that Fox's petition fails to state a cause of action against Alexandria pursuant to that act.

**INVASION OF PRIVACY**

On appeal, Fox further argues that the trial court erred by not allowing her the opportunity to amend her petition so as to remove Alexandria's grounds for its objection of no cause of action. For the first time, she now claims that her petition contains facts sufficient to state a cause of action for invasion of privacy under either the Louisiana Constitution or La.Civ.Code art. 2315.

At the conclusion of the hearing on the exception, the trial court stated that it was dismissing any claim Fox had pursuant to HIPAA. However, it did not indicate a delay in which Fox could amend her petition to state any other claim she might have.

3

After reviewing the petition, we find that Fox is entitled to continue with her suit. Although she has failed to state a cause of action pursuant to HIPAA, her petition reveals that she has stated facts sufficient to plead a cause of action for invasion of privacy pursuant to Louisiana Constitution, Article 1, § 5. *See Taylor v. Hixson Autoplex of Alexandria, Inc.*, 00-1096 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, *writ not considered*, 01-1539 (La. 9/14/01), 796 So.2d 670. Accepting the facts pleaded as true and in a light most favorable to Fox, her petition states that Moore, through her employment with Alexandria, released private information pertaining to Fox which caused her to suffer general and monetary damages. Article 1, § 5 provides, "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." Accordingly, we remand this matter to the trial court for further proceedings on Fox's claim that she suffered an invasion of privacy as a result of Alexandria's release of information concerning her potential work status.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing Fox's claims pursuant to HIPAA is affirmed. However, the matter is remanded to the trial court for further proceedings based on a finding that she has stated a cause of action for invasion of privacy pursuant to Louisiana Constitution Article 1 § 5. Costs of this matter are assessed to plaintiff-appellant, Amy L. Fox.

**AFFIRMED AND REMANDED.**