Dear Ms. Ordoyne:
Our office received an opinion request from you concerning a public records request you received involving drug tests submitted to the court pursuant to a court order. More particularly, your request involves an individual who was tried and convicted for a violation of La.R.S. 14:34.4, battery of a school or recreational official, on August 20, 2009. He was sentenced on September 1, 2009, and was given a six-month suspended sentence and two years of active probation. As a condition of the probation, the individual in question was required to submit to drug testing and substance abuse counseling if deemed appropriate.
As the Clerk of Court, you received a public records request for the results of the drug screening, and you have asked our office whether this information is a public record subject to disclosure under the Public Records Act, or whether the information is protected from disclosure by the Health Insurance Portability and Accountability Act (HIPAA).
You have further provided that the drug test results are submitted to a probation officer that is situated within the office of the clerk.[1] If the probation officer receives a positive test result, he may file a rule to revoke or modify the current sentence, or he may determine there is a need for substance abuse counseling. *Page 2 
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public documents. The Louisiana Supreme Court has instructed liberal construction of the Public Records Act, with any doubt being resolved in the favor of access.[2] Unless an exception to the Public Records Act is applicable, a custodian has the responsibility and duty to provide access to public records, and the public has a right to copy, inspect or reproduce public records.[3]
A public record is defined by La.R.S. 44:1(A)(2)(a) as including:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state.
As we understand the facts, the drug test results are not received by the clerk of court, but rather by the misdemeanor probation officer situated within the office of the clerk of court. The drug test results are not kept in the same file as a defendant's other court records unless a failed drug test prompts the probation officer to file a motion to revoke or modify the ruling. If the probation officer receives negative test results, or positive test results which result in substance abuse counseling, the probation officer keeps those records separate from the other records. However, as previously noted, the probation officer is situated within the office of the clerk of court. We note that the circumstances in this situation, e.g. the fact that the probation officer is situated within the office of the clerk of court, precludes an analysis of whether the records requested could be exempt from production pursuant to La.R.S. 44:3 since the clerk of court is not an entity enumerated by La.R.S. 44:3.[4] *Page 3 
Whether positive or negative, kept with the other court records or separate, the subject drug test results are records obtained in connection with business conducted by a public office under the laws of this state and pursuant to misdemeanor probation ordered by the court. These records are, by definition, public records which must be produced pursuant to a public records request, unless there is an exception which prevents such records from being subject to disclosure.
HIPAA prevents the disclosure of protected health information (PHI) by covered entities. "Health information" is defined by HIPAA as any information that:
(1) is created or received by a health care provider, health plan, public health authority, employer, life insurer, school or university, or health care clearinghouse; and
(2) relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.[5]
Covered entities, as defined by HIPAA, include health plans, most health care providers, and health care clearinghouses.[6] The court is not considered a covered entity under HIPAA; therefore the privacy rules of HIPAA are not applicable to information held by a clerk of court. However, although the court is not a covered entity under HIPAA, there are privacy interests that must be considered whenever a public body is asked to reveal medical information.[7]
In previous opinions, our office has recognized as a well-settled principle both in Louisiana and throughout the United States that "an individual's personal medical records are both privileged and confidential records as to that individual."[8] Further, "access to an individual's medical records cannot be gained through use of the Public Record Act."[9]
The analysis then turns to whether court-ordered drug test results are medical records subject to privacy under La.Const. art. I. § 5. The right to privacy has been described *Page 4 
as the right to be let alone and free from unnecessary scrutiny.[10]
However, as courts analyzing a privacy interest have pointed out, the right to privacy may be lost in many ways, such as by express or implied waiver or consent, or by a course of conduct which prevents its assertion. The right to privacy is qualified by the rights of others, and is limited by society's right to be informed about subjects of public interest. In ascertaining whether or not an individual has a constitutionally recognized privacy interest in certain information, the court first looks at whether the individual has an actual or subjective expectation of privacy. The court then proceeds to make an objective determination of that expectation of privacy, and examines whether the individual's expectation of privacy is one that society at large is prepared to recognize as reasonable. If both a subjective and objective expectation of privacy is found, the court then weighs the privacy interest against the public's right to know. This analysis is done on a case-by-case basis, depending on the particular facts and circumstances at issue in each situation.[11]
Does an individual have a subjective or objective expectation of privacy in the results from a court-ordered drug test? Your letter indicates that, as a condition of probation, the individual in question must submit to drug testing and substance abuse counseling if deemed appropriate. It is the opinion of this office that in this limited situation, where the court has ordered, and the individual has agreed to, drug testing as a condition of misdemeanor probation, there is no expectation of privacy in the results of that drug test. If there is any confidential information contained within the file, such as the individual's social security number, this would need to be redacted. It could be argued that any privacy interest was waived when the individual agreed, in a public forum, to be subjected to drug testing as a condition of probation. In this particular situation, where an individual has agreed to undergo drug testing as a condition of probation, and submit such results to a probation officer who is situated within the office of the clerk, this course of conduct could result in a loss of privacy.
It is the opinion of this office that even if an argument could be made that there was a subjective expectation of privacy, which is unlikely considering that the individual agreed to undergo drug testing as a condition of probation, a court would unlikely find that there was an objective expectation of privacy, one that society at large is prepared to recognize as reasonable. When an individual commits a crime, and agrees to certain conditions to resolve the charges against him or her, absent a court order finding that the particular records should be kept secret, there is no individual right to privacy which should shield these records from disclosure. *Page 5 
Although not binding in Louisiana, the following jurisprudence is persuasive in making the above determination. In Carrelli v. Ginsburg, the Sixth Circuit determined that the Ohio State Racing Commission, which is charged with regulating the horse racing industry for the state of Ohio, did not violate a licensee's constitutional right of privacy when it published his positive drug test results in conjunction with an adjudicatory proceeding.[12] The Court pointed to the fact that a positive test result exhibited noncompliance with the rules and regulations of the Ohio State Racing Commission, and that the positive test result was "not `private' in the constitutional sense."[13]
In an unpublished opinion from the District Court in Georgia, a comparable issue was addressed when plaintiff, an employee of Forsyth County, sued the County after defendants asked him to submit to a drug test and was subsequently terminated from his job for positive drug test results.[14] In response to public records requests, defendants released information including the Separation Notice informing that personnel action was taken due to drug testing results, and plaintiff brought suit claiming, among other things, an invasion of privacy.[15]
When asked to determine whether or not plaintiff had a claim for invasion of privacy, the court considered the fact that defendants disclosed the results of plaintiffs drug test results, i.e., that he tested positive and that there was no evidence that the defendants released any medical records. The court found plaintiff had no legitimate expectation of privacy in his drug test results because they were not medical records and because they implied criminal activity.[16]
In conclusion, it is the opinion of this office that the results of a court ordered drug test performed as a condition of misdemeanor probation, which is provided to a misdemeanor probation officer within the Clerk of Court's office but is not subject to a protective order, must be produced pursuant to a public records request. Any private or confidential information, such as a social security number, must be redacted from the records. *Page 6 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] It is noted that battery of a school or recreational official is classified as a misdemeanor with a maximum sentence of incarceration of up to six months. See La.R.S. 14:34.4(B)(1). An offender placed on probation upon conviction for this crime therefore would not be subject to the jurisdiction of the Division of Probation and Parole of the Department of Corrections. See La.C.Cr.P. art. 894(A)(1). As a consequence, any records generated or received in connection with the court-ordered misdemeanor probation would not fall within the category of records made confidential by La.R.S. 15:574.12, which pertains to "information and data gathered by the staffs of the boards of pardons and parole." La.R.S. 15:574.12(A).
[2] Title Research Corp. v. Rausch, 450 So.2d 933 (La. 1984); Landisv. Moreau, 00-1157 (La. 2/21/01), 779 So.2d 691.
[3] La.R.S. 44:31.
[4] La.R.S. 44:3(A)(1) exempts records pertaining to criminal litigation until such litigation has been finally adjudicated or otherwise settled when such records are held by the office of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state.
[5] 45 C.F.R. § 160.103.
[6] 45 C.F.R. § 160.103.
[7] See Fox v. City of Alexandria, 07-810 (La.App.3 Cir. 2007),971 So.2d 468, 470, where the court held that although the plaintiff had no cause of action under HIPAA, as the regulations of HIPAA do not apply to the City of Alexandria, the plaintiff did have a cause of action for invasion of privacy under La.Const. Art. I, § 5 when her employer revealed to her mortgage lender that she had been on extended sick leave.
[8] La. Atty. Gen. Op. No. 79-1465. See also La. Atty. Gen. Op. Nos. 88-372, 93-615, 93-285 and 07-0461.
[9] La. Atty. Gen. Op. No. 04-0461, Citing La. Atty. Gen. Op. Nos. 93-615 and 93-285.
[10] See Copeland v. Copeland, 07-0177 (La. 10/16/07), 966 So.2d 1040;Capital City Press v. East Baton Rouge Parish Metro Council, 96-1979 (La. 7/1/97),.696 So.2d 562, 566; East Bank Consolidated Special ServiceFire Protection District v. Crossen, 04-838 (La.App. 5 Cir. 2004),892 So.2d 666; Local 100, Service Employees, International Union v.Smith, 36, 454 (La.App. 2 Cir. 10/23/02), 830 So.2d 417, writ notconsidered 02-2858 (La.1/31/03), 836 So.2d 75.
[11] See above referenced cases in Footnote 8 concerning the application of La.Const. art. I, § 5 as an exception to the Public Records Act.
[12] 956 F.2d 598 (6thCir.1992).
[13] Id. at 607.
[14] Gooden v. Carson, 2006 WL 1209923 (N.D.Ga. 2006).
[15] Id.
[16] Id. at *7, See Carrelli v. Ginsburg, 956 F.2d 598 (3d Cir. 1992) (no constitutional right to privacy in results of drug test); Hedges v.Musco, 33 F.Supp.2d 369, 382 (D.N.J. 1999), aff'd on other grounds,204 F.2d 109 (3d Cir. 2000).