869 So.2d 114 (2004)
Katherine RAMEY (Individually and on Behalf of the Estate of David F. Ramey, M.D., and on Behalf of her Minor Children, Kristen Ramey and Brad Ramey) and Renee Ramey
v.
Michael DeCAIRE (Administrative Director, Physicians' Health Foundation of Louisiana), Martha Brown, (Medical Director, Physicians' Health Foundation of Louisiana), Physicians' Health Foundation of Louisiana (PHFL), Physicians' Health Program (PHP), Physicians' Health Committee (PHC).
No. 2003-CC-1299.
Supreme Court of Louisiana.
March 19, 2004.
*115 Angela W. Adolph, Baton Rouge, Roselyn B. Koretzky, New Orleans, George M. Papale, Milling, Benson, Woodward, Counsel for Applicant.
Sean D. Fagan, Baton Rouge, Counsel for Respondent.
KIMBALL, Justice.
In this case, plaintiffs, decedent's survivors, allege defendants' negligence caused decedent to commit suicide. The sole issue presented is whether plaintiffs' amended petition states a cause of action against defendants. For the following reasons, we find that plaintiffs' petition does not contain sufficient well-pleaded facts to state a cause of action in negligence. The judgment of the district court to the contrary is reversed; however, plaintiffs will be allowed time within which to amend their petition pursuant to the provisions of La. C.C.P. art. 934.

Facts and Procedural History
This case arises from a petition for damages filed on January 23, 2002 by Katherine Ramey (individually and on behalf of the Estate of David F. Ramey, M.D. and on behalf of her minor children, Kristen Ramey and Brad Ramey) and Renee Ramey ("plaintiffs") and naming as defendants Michael DeCaire (Administrative Director of Physicians' Health Foundation of Louisiana), Martha Brown (Medical Director of the Physicians' Health Foundation of Louisiana), Physicians' Health Foundation of Louisiana ("PHFL"), Physicians' Health Program ("PHP"), Physicians' Health Committee ("PHC"), and Louisiana State Board of Medical Examiners.[1] The original petition filed by plaintiffs alleges the following in pertinent part:
2.

*116 Plaintiffs specifically show that defendants failed to have in force procedures that ensured twenty-four (24) hour turn around time for test results relating to random drug sampling done of physicians under their direction, supervision and control, which procedure would have minimized the emotional distress and turmoil of a physician tested, and further would have ensured immediate intervention to protect the physician under defendants['] direction, supervision and control.
3.
Plaintiffs further show that defendants failed to have in force procedures that ensured immediate face to face intervention of physicians under their direction, supervision and control, which procedure would have minimized the emotional distress and turmoil of a physician tested, and further would have ensured immediate intervention to protect the physician under defendants['] direction, supervision and control if a positive drug test is made.
4.
Petitioners show that said defendants, through the above negligent acts and omissions, improperly supervised and provided care to David F. Ramey for his addiction and illness in the specific following respects:
a. After random testing of Dr. Ramey, defendants failed to take steps to ensure a twenty-four (24) hour turn around analysis of the sample;
b. Defendant, Martha Brown, after learning of the positive drug test, instructed defendant, Michael DeCaire, to contact Dr. Ramey by telephone, not face to face and advise of the results;
c. Defendants, Martha Brown and Michael DeCaire, took no steps at all to ensure immediate face to face intervention took place with Dr. Ramey to protect him from his illness and to ensure his safety.
5.
As a result of the above negligent acts and omissions of said defendants, David F. Ramey, M.D. committed suicide at approximately 5:30 o'clock p.m., the same day after receiving a telephone call from defendant, Michael DeCaire, advising Dr. Ramey of the positive drug test.
6.
Plaintiffs show had defendants exercised the standard of care and degree of skill ordinarily employed, under similar circumstances, by members of their profession in good standing in their community and locality, and had defendants used reasonable care and diligence, along with their best judgment, David F. Ramey would not have committed suicide.
7.
Specifically, had defendants acted within the standard of care by implementing procedures to ensure proper notification, intervention and treatment of David F. Ramey, he would not have committed suicide.
Defendants responded by filing a peremptory exception of no cause of action, asserting that the allegations made by plaintiffs in the petition did not disclose any actionable negligence by defendants and failed to set forth any theory of liability upon which relief could be granted. Specifically, defendants contended that the petition failed to allege a legal or factual relationship between defendants and the decedent from which a legal duty to act or not to act could have arisen. Additionally, defendants alleged that the petition failed to specify the professions or purposes of defendants. Finally, defendants argued that even if all the allegations of plaintiffs' *117 petition are true, the petition fails to state how the defendants' behavior caused the decedent's suicide.
After a hearing on defendants' peremptory exception of no cause of action, the district court granted the exception, concluding that plaintiffs' petition failed to state an actionable claim under Louisiana law. The district court allowed plaintiffs thirty days within which to supplement and amend their petition to state a cause of action.
Subsequently, plaintiffs filed an amending and supplemental petition in which they alleged that defendants had knowledge of decedent's history of substance abuse and treatment, and should have known that decedent was at an increased risk of committing suicide. Specifically, plaintiffs' amended petition supplemented the original petition with the following pertinent allegations:
15.
At all times pertinent to this litigation, defendants were aware that prior to May 8, 2001[,] the decedent, David Ramey, had been the subject of two separate substance abuse "interventions."
16.
Prior to May 8, 2001, defendants knew that David Ramey had completed the twelve steps of Alcoholics Anonymous on three separate occasions.
17.
Prior to May 8, 2001, defendants knew that David Ramey had received inpatient therapy for substance abuse on two separate occasions.
18.
Prior to May 8, 2001, defendants know that David Ramey was actively involved in the outpatient counseling of other substance abusers.
19.
Given David Ramey's extensive involvement with the impaired physicians program, defendants knew or should have known on May 8, 2001 that, upon notification of the failed drug screen, Ramey was actually aware that he would lose his license to practice medicine.
20.
Given that David Ramey was a diagnosed substance abuser, defendants knew or should have known that a relapse placed him at increased risk for committing suicide.
21.
Defendants knew that prior to May 8, 2001 it was standard practice to "intervene" in person when confronting relapsing physicians (i.e. those who had already been diagnosed as substance abusers).
22.
Defendants knew or should have known that personal intervention under such circumstances was done, in part, to guard against the increased risk of suicide.
23.
Upon receiving the results of David Ramey's drug screen, Michael DeCaire notified Martha Brown.
24.
Both Martha Brown's and Michael DeCaire's involvement (vis[-]a[-]vis the notification of David Ramey) was within the course and scope of their employment by the Physicians['] Health Foundation of Louisiana.
25.
Martha Brown instructed Michael DeCaire to advise David Ramey of the failed drug screen.
26.
On May 8, 2001, Ramey received a telephone call from defendants' agent, Michael DeCaire, advising him that he *118 had failed a drug screen that had been administered approximately two weeks earlier.
27.
Following that telephone call, Dr. Ramey finished seeing patients over the next few hours and then took his own life at his office.
In response to this amending and supplemental petition, defendants again filed a peremptory exception of no cause of action. Defendants' second exception of no cause of action raised essentially the same objections that had been sustained by the district court in its earlier ruling regarding the original petition for damages.
After a hearing, the district court denied defendants' exception of no cause of action, finding that plaintiffs' petition, as amended, states an actionable claim under Louisiana Law.[2] Defendants applied for supervisory writs from this ruling. The court of appeal, with one judge dissenting, denied the writ without comment. Ramey v. DeCaire, 02-2674 (La.App. 1 Cir. 4/7/03).
At defendants' request, we granted certiorari to review the correctness of the district court's judgment denying the peremptory exception of no cause of action. Ramey v. DeCaire, 03-1299 (La.10/10/03), 855 So.2d 355.

Discussion
The narrow issue presented in this case is whether plaintiffs' amended petition states a cause of action against defendants such that their suit should be allowed to proceed.
A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); Montalvo at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. Kizer v. Lilly, 471 So.2d 716, 719 (La. 1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. Montalvo at p. 6, 637 So.2d at 131.
*119 The burden of demonstrating that the petition states no cause of action is upon the mover. City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. City of New Orleans at p. 29, 640 So.2d at 253.
Accepting all of the allegations in plaintiffs' amended petition as true and applying the legal principles set forth above, we find plaintiffs' petition fails to allege facts sufficient to state a cause of action in negligence. Generally, there is an almost universal legal duty on the part of persons to conform to the standard of conduct of a reasonable person in like circumstances. Davis v. Witt, 02-3102, p. 13 (La.7/2/03), 851 So.2d 1119, 1128. Whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case and the relationship of the parties. Id. In the instant case, plaintiffs' allegations of facts do not show the circumstances giving rise to a duty on the parts of these particular defendants to prevent decedent's suicide. Plaintiffs' petition fails to articulate the relationship between decedent and defendants which could give rise to a finding that defendants' negligence was a substantial factor in causing decedent's suicide.[3] The lack of particular facts alleging a relationship between defendants and decedent that could give rise to a duty on the parts of defendants to prevent decedent's suicide prevent this court from determining from the petition what duty defendants are alleged to have breached. Consequently, we cannot find at this time that the law affords a remedy to plaintiffs. We therefore conclude that defendants' peremptory exception of no cause of action should have been sustained and the district court erred in denying the exception.
Article 934 of the Code of Civil Procedure states that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." The article further provides, however, that if the grounds of the objection cannot be removed by amendment, the action shall be dismissed. In the instant case, the district court found plaintiffs' amended petition set forth a cause of action, and the court of appeal denied defendants' request for supervisory writs. Consequently, because we conclude defendants' peremptory exception should be sustained, we are the first court to consider the applicability of La. C.C.P. art. 934 as it relates to plaintiffs' amended petition. The language of La. C.C.P. art. 934 does not limit a plaintiff to a single amendment of his petition. We therefore conclude that additional opportunities for amendment of a petition pursuant to the provisions of La. C.C.P. art. 934 may be allowed in the discretion of the court. In this case, we are not prepared to find as a matter of law that *120 the basis for defendants' objection to plaintiffs' amended petition cannot be removed by amendment of the petition. Therefore, out of an abundance of caution, we will allow amendment of the plaintiffs' petition in accordance with La. C.C.P. art. 934. Thus, while we recognize that plaintiffs in this case have already been afforded one opportunity to amend their petition to remove the grounds of defendants' objections, we find it advisable and in the interests of justice to allow plaintiffs another opportunity to amend their petition.

Decree
For the foregoing reasons, the judgment of the district court is reversed and defendants' peremptory exception of no cause of action is sustained. The case is remanded to the district court with instructions to permit an amendment of plaintiffs' petition in accordance with the views expressed herein. Plaintiffs are given thirty days from the date of the finality of this judgment to amend their petition. If plaintiffs fail to amend their petition within the prescribed time, the district court shall dismiss their suit.
REVERSED AND REMANDED.
VICTORY, KNOLL and WEIMER, JJ., concurs in part and dissents in part and assigns reasons.
VICTORY, J. concurring in part and dissenting in part.
I concur with most of the majority opinion, but dissent from that part of the opinion allowing the plaintiff to again amend the petition. In my view, the grounds for the defendant's objection to the petition cannot be removed by amendment.
KNOLL, Justice, dissenting in part.
I respectfully disagree with the majority's ruling remanding this matter to the district court with instructions to give plaintiffs the opportunity to amend their petition.
As the majority correctly stated, Article 934 of the Code of Civil Procedure provides "when the grounds of the objection pleaded by the peremptory exception may be removed by an amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." However, "if the grounds of the objection raised through the exception cannot be so removed,... the action ... shall be dismissed." La.Code Civ. Proc. art. 934. While the majority correctly sustained defendants' exception of no cause of action, I do not find the plaintiffs can successfully remove the grounds of the objection.
In this case, the pleadings do not allege a physician/patient relationship or hospital/patient relationship nor do they articulate any legally recognized standard of care or any legal duty, the breach of which would create liability. Moreover, given the strong policy considerations against assigning delictual responsibility for the suicidal acts of another, and the great reluctance of our courts to extend such liability, especially in non-custodial circumstances, I find based upon what plaintiffs have alleged they will not be able to amend their petition to allege such a relationship or duty of care imposing liability for Dr. Ramey's suicide.
Moreover, the theories of the plaintiffs' allegations are based upon pure speculation that had defendants employed a face-to-face notification as opposed to notice by telephone of Dr. Ramey's test results, he would not have committed suicide. The notice by defendant to Dr. Ramey via telephone certainly was not unknown to Dr. Ramey, because he would have had to know he had taken the drugs. A legal duty is not owed by crafting creative speculation. Pleadings which establish only possibility, speculation, or unsupported probability do not suffice to establish a *121 cause of action. See Todd v. State Through Dept. of Social Services, Office of Community Services, 96-3090 (La.9/9/97), 699 So.2d 35. For these reasons, I would not remand this matter for further amendment, and dissent from the majority only as to this issue.
WEIMER, J., concurring in part and dissenting in part.
I concur in that portion of the majority decision that concludes the petition does not state a cause of action.
I dissent from that portion of the decision which allows the plaintiffs to once again amend the petition. The amended petition stated that after being advised by telephone of the failed drug screen administered two weeks earlier, "Dr. Ramey finished seeing patients over the next few hours and then took his own life at his office." Further, the defendants merely informed Dr. Ramey of what he had to have already knownthat he had abused drugs. Based on the facts alleged in the original and amended petitions, these defendants are not responsible for Dr. Ramey's tragic death. See Todd v. State, Department of Social Services, Office of Community Services, 96-3090 (La.9/9/97), 699 So.2d 35.
NOTES
[1] The claims against the Louisiana State Board of Medical Examiners were dismissed without prejudice in a separate judgment of the trial court that is not at issue in the instant case.
[2] In their second peremptory exception of no cause of action, defendants asserted that plaintiffs' allegations also failed to state a cause of action in light of the qualified immunity provided by La. R.S. 37:1287(D), (E) and (F). The judgment of the district court contains no mention of this statute; however, because the exception was denied, we assume the district court had insufficient evidence before it at that stage of the case to dismiss the matter on the basis of La. R.S. 37:1287. Defendants did not mention this statute in their writ application or brief to this court and did not raise the issue of immunity in this court. Consequently, we express no opinion regarding the applicability of La. R.S. 37:1287 in this case.
[3] We do not find that a defendant's negligence can never be a substantial factor in causing a person's suicide. This court has previously held that an emergency room doctor's negligence was a substantial factor in causing a patient's suicide. See Tabor v. Doctors Memorial Hosp., 563 So.2d 233 (La. 1990).