NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-434


W.T.A, INDIVIDUALLY AND AS CO-ADMINISTRATOR OF THE
ESTATE OF THE MINOR CHILD, A.J.A.

VERSUS

M.Y., ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-97-5810-B
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


JOHN D. SAUNDERS
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese,
Judges.


REVERSED AND REMANDED.

W.T.A., *Pro Se*
P. O. Box 53502
Lafayette, LA 70505
(337) 233-3268

Robert Alexander Jarred
P. O. Box 53325
Lafayette, LA 70505
(337) 269-0028
Counsel for Appellee:
A.J.A.

**Joseph E. Bearden, III**
**Duplass Zwain**
**3838 N. Causeway Blvd., Ste. 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**Counsel for Appellee:**
**M.Y.**

**S.J.S.**
**In Proper Person**
**98 Westchester Drive**
**Lafayette, LA 70506**

**H.A.D.**
**In Proper Person**
**98 Westchester Drive**
**Lafayette, LA 70506**

**SAUNDERS, Judge.**

This case involves the appropriate use of the exception of no cause of action. The plaintiff filed suit individually, and on behalf of his then minor son, against two defendants, his ex-wife and the former therapist of his son. In his petition, the plaintiff alleged that he was owed damages by the defendants for the willful and intentional interference with the normal father/son relationship and for the defendants engaging in wilful conduct to make his son believe that he had abused him, thus causing damage to the plaintiff.

The son, once he became a major, chose not to pursue any of his claims against the defendants, and those claims were dismissed. The son's former therapist then filed an exception of no cause of action for the remaining claims of the plaintiff. The trial court granted the exception, and the plaintiff has appealed. We reverse and remand.

**FACTS AND PROCEDURAL HISTORY:**

W.T.A. filed suit individually, and on behalf of his minor son, A.J.A., against S.D., W.T.A.' ex-wife and the mother of A.J.A., and M.Y. in 1997. W.T.A.' allegation of damages caused by M.Y. stem from the domestic proceedings that transpired during W.T.A.' divorce from A.J.A.'s mother. During those proceedings, the court appointed an expert therapist to evaluate all parties. S.D. retained M.Y. to allegedly offset any negative findings by the independent, court-appointed expert. W.T.A. filed his petition asserting, *inter alia*, that S.D. caused A.J.A. harm by dressing him in female clothing and applying cosmetics to him for years, that both S.D. and M.Y. willfully and intentionally interfered with the normal father/son relationship between W.T.A. and A.J.A., and that both S.D. and M.Y. engaged in a scheme to make A.J.A. believe that W.T.A. had abused him, causing W.T.A. severe

emotional distress. Since that time, A.J.A. has reached the age of majority.

Once A.J.A. reached the age of majority, M.Y. filed and was granted an exception of lack of procedural capacity for W.T.A. to continue the portion of this suit on behalf of A.J.A. M.Y. then filed and was granted a motion to dismiss all claims against her filed on behalf of A.J.A. by W.T.A., as A.J.A. chose not to pursue any claims against M.Y.

M.Y. then filed an exception of no cause of action against the claims asserted by W.T.A., individually, against her. The trial court granted this exception without written reasons for ruling. W.T.A. filed this appeal.

**DISCUSSION OF THE MERITS:**

W.T.A. makes several arguments regarding the propriety of the trial court's judgment and actions. W.T.A.'s case was terminated by the trial court's judgment sustaining M.Y.'s exception of no cause of action. Thus, we will review whether the trial court's grant of M.Y.'s exception was correct.

Our supreme court, in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19 (citations omitted, emphasis added), opined:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

> Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

2

The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states *any* valid cause of action for relief.

In heeding this directive, we must decide whether W.T.A.'s petition, resolving any doubt in favor of W.T.A., states *any* valid cause of action against M.Y. W.T.A.'s petition states:

14.

[M.Y.] committed therapeutic malpractice by reaching incorrect diagnoses entirely inconsistent with the finding of Dr. [B.] including a diagnosis that [A.J.A.] suffers from multiple personality disorder and post-traumatic stress disorder that she suspected was caused by plaintiff herein.

. . . .

19.

Upon information and belief, plaintiff shows that [S.D.] and [M.Y.] have engaged in a pattern of conduct that resulted in making [A.J.A.] believe that he was abused by his father, which caused further psychological and emotional harm to [A.J.A.] and resulted in further damaging the father/son relationship between [A.J.A.] and [W.T.A.]

. . . .

23.

As a result of the aforestated willful and wanton misconduct of [S.D.] and the multiple deviations from applicable therapeutic standards[,] i.e., therapeutic malpractice, by [M.Y.], both plaintiff and his minor child, [A.J.A.], have suffered severe mental anguish and distress, emotional and psychological harm, humiliation and inconvenience for which plaintiff and his minor child are entitled to be compensated fully and completely.

If the above cited paragraphs are taken as true, as we are required to do, then

3

M.Y. has told, at minimum, both A.J.A. and S.D. that W.T.A. abused A.J.A. when he was a juvenile and caused him, through some traumatic event, to suffer a mental disability and a stress disorder. These statements made by M.Y. necessitate her telling others that W.T.A. conducted criminal activity.[1] As such, these paragraphs state a cause of action by W.T.A. against M.Y. for defamation of character.[2]

Given the language cited above, we find that W.T.A.'s petition states at least one cause of action against M.Y. Therefore, the trial court erred in granting M.Y.'s exception of no cause of action. Accordingly, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion. This finding pretermits the remainder of the assignments of error and other issues raised by W.T.A. Moreover, we note that while we recognized that W.T.A.'s petition stated at least one cause of action, this finding does not preclude the possibility that W.T.A.'s petition could have stated other causes of action against M.Y. that are recognized as such in Louisiana.

**CONCLUSION:**

---

[1] Louisiana Revised Statutes 14:93, entitled Cruelty to juveniles, states, in relevant part:

> A. cruelty to juveniles is:
>
> > (1) The intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child.

[2] Our supreme court, in *Costello v. Hardy*, 03-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139, stated the following:

> Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Fitzgerald v. Tucker*, 98-2313, p. 10 (La. 6/29/99), 737 So.2d 706, 715; *Trentecosta v. Beck*, 96-2388, p. 10 (La. 10/27/97), 703 So.2d 552, 559; *Sassone v. Elder*, 626 So.2d 345, 350 (La.1993). "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)).

4

W.T.A. has filed this appeal asserting various arguments that assert, *inter alia*, that the trial court improperly granted M.Y.'s exception of no cause of action. We address this issue first due to its potential to dispose of the case. We found the trial court erred by granting M.Y.'s exception. Therefore, we reverse the trial court's judgment dismissing W.T.A.'s case and remand the case for further proceedings consistent with this opinion. Costs of this appeal are assessed against M.Y.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules –Courts of Appeal, Rule 2–16.3.