STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-443

STANLEY SAVOIE

VERSUS

CALCASIEU PARISH SHERIFF'S OFFICE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2009-4413, DIV. A
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED AS AMENDED.

Harold D. Register, Jr.
A Professional Law Corporation
216 Rue Louis XIV
Post Office Box 80214
Lafayette, Louisiana 70598-0214
(337) 981-6644
COUNSEL FOR PLAINTIFF/APPELLANT:
    Stanley Savoie


Christopher E. John
Assistant City Attorney
Post Office Box 900
Lake Charles, Louisiana 70602-0900
(337) 491-1523
COUNSEL FOR DEFENDANT/APPELLEE:
    City of Lake Charles

**GENOVESE, Judge.**

Plaintiff, Stanley Savoie, appeals the judgment of the trial court granting an exception of no cause of action *ex proprio motu*. Finding no error in the trial court's judgment, we affirm; however, Mr. Savoie will be allowed time within which to amend his petition pursuant to the provisions of La.Code Civ.P. art. 934.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Savoie filed a petition for damages on September 10, 2009, against the Calcasieu Parish Sheriff's Department, alleging that "he was arrested on September 13, 2009[]" and that "the Calcasieu Parish Sheriff's Office used excessive force while arresting him and caused him bodily harm." On September 16, 2009, Mr. Savoie filed a First Amended Caption and Petition for Damages which sought "to amend the name of defendant[] named in the original petition 'Calcasieu Parish Sheriff's Office' to 'LAKE CHARLES POLICE DEPARTMENT[']' each and every time it was named in the original petition for damages[,]" claiming he "inadvertently named Calcasieu Parish Sheriff's Office as the arresting agency." The record also contains an Order to Amend Petition for Damages filed on February 24, 2010. This pleading again sought "to amend his original Petition for Damages to remove CALCASIEU PARISH SHERIFF'S OFFICE as a defendant and name CITY OF LAKE CHARLES POLICE DEPARTMENT as the defendant." Unlike his prior amendment, Mr. Savoie requested that service be made upon Donald Dixon with the City of Lake Charles Police Department.

An Answer was filed by the City of Lake Charles (Lake Charles) on April 28, 2010. Lake Charles asserted that although it was "erroneously designated CITY OF LAKE CHARLES POLICE DEPARTMENT, a

department/division of the City without procedural capacity to sue or be sued and thus not a proper party to this lawsuit," it denied Mr. Savoie's allegations. On May 7, 2012, Lake Charles filed a Peremptory Exception of Prescription, seeking to have Mr. Savoie's claims dismissed. According to Lake Charles' exception, Mr. Savoie's "original September 10, 2009 petition . . . alleges law enforcement arrested [him] on September 13, 2009 (erroneously stated as 2009 in petition)[.]" Lake Charles argued that since it was not named as a defendant by substitution for the Calcasieu Parish Sheriff's Office until February 24, 2010, that Mr. Savoie's "February 24, 2010 amending/supplemental lawsuit . . . fails to timely assert claims against [it]."

Prior to the August 1, 2012 hearing on Lake Charles' exception, counsel for Mr. Savoie submitted a memorandum in opposition and waived his appearance at said hearing. Mr. Savoie's memo reiterated that he was arrested on September 13, 2009.

At the hearing on Lake Charles' exception of prescription, the trial court declared that pursuant to La.Code Civ.P. art. 927 it could sua sponte raise the exception of no cause of action. Noting that Mr. Savoie's petition was filed on September 10, 2009, and that it listed the date of the alleged offense as September 13, 2009, the trial court stated, "That is an impossibility because that date had not yet occurred. So, there is no cause of action." Mr. Savoie was granted fifteen days from the signing of the trial court's judgment to amend his petition.

On September 12, 2012, Mr. Savoie filed a Second Motion to Amend Petition for Damages wherein he again lists the date of the alleged offense as September 13, 2009. By a hand-written notation across the Order attached to Mr. Savoie's pleading, the trial court denied the motion, noting that it did so

2

because "still no cause of action stated—petition has wrong date[.]" The November 7, 2012 Judgment of the trial court stated:

> The Judgment of No Cause of Action was signed by the trial judge on August 27, 2012[,] and mailed by the Clerk to the respective parties on September 11, 2012.
>
> On September 12, 2012, [Mr. Savoie] unsuccessfully attempted to file an amended pleading, which was disallowed by the Court[,] as his Second Motion and Order to Amend Petition for Damages was rejected by the Court on September 19, 2012[,] for its failure to state a viable cause of action.

It is from this judgment that Mr. Savoie appeals.

## LAW AND DISCUSSION

In *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19, our supreme court discussed the peremptory exception of no cause of action and the scope of appellate review thereof as follows:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id*. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
>
> Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo*[,] at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo*[,] at p. 6, 637 So.2d at 131.

The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans*[,] at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans*[,] at p. 29, 640 So.2d at 253.

The issue on appeal is whether Ms. Savoie's amended petition states a cause of action against Lake Charles. Following our supreme court's guidance in *Ramey*, we must conduct a de novo review of the record to determine whether the trial court was legally correct in concluding that Mr. Savoie failed to state a cause of action.

Louisiana Code of Civil Procedure Article 931 states that "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." The trial court must consider only the facts alleged in the petition when determining whether a cause of action has been stated. *Ramey*, 869 So.2d 114.

Accepting the allegations in Mr. Savoie's petition as being true, we agree with the trial court's finding that the allegation that the date of the incident occurred after the date of the filing of the petition is an impossibility from which a cause of action cannot exist. Accordingly, we find no error in the trial court's determination that no cause of action existed in Mr. Savoie's petition.

Although we agree with the trial court's finding that Mr. Savoie's petition does not contain sufficient facts to state a cause of action in negligence, Mr. Savoie will be allowed to correct the deficiency plaguing his petition. Louisiana Code of

4

Civil Procedure Article 934 (emphasis added) provides, in pertinent part, "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception *shall* order such amendment within the delay allowed by the court." The language of La.Code Civ.P. art. 934 does not limit Mr. Savoie to a single amendment of his petition. *Ramey*, 869 So.2d 114. The judgment of the trial court is affirmed; however, in accordance with La.Code Civ.P. art. 934, Mr. Savoie will be allowed one last opportunity to amend his petition to correct the deficiency relative to the alleged date of his cause of action.

### DECREE

For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action is affirmed. Mr. Savoie is, however, permitted to amend his petition within fifteen days from the rendition of this judgment in order the cure the deficiency, in default of which his case shall be dismissed with prejudice. Costs are assessed to Plaintiff/Appellant, Stanley Savoie.

**AFFIRMED AS AMENDED.**