Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,519-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| TREY BROOKS, TRISTAN BROOKS AND ALANDRE' BROOKS INDIVIDUALLY AND ON BEHALF OF DONOVAN BROOKS | Plaintiffs-Appellants |

versus

| | |
|---|---|
| BIENVILLE PARISH POLICE JURY, BIENVILLE PARISH SHERIFF, JOHN E. BALLANCE, CHARLOTTE HUBBARD, SHAWN HUBBARD, CITY OF RINGGOLD AND GERALD MILLER | Defendants-Appellees |

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 46,740

Honorable Charles Glenn Fallin, Judge

* * * * *

| | |
|---|---|
| NELSON W. CAMERON | Counsel for Appellants |
| PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, L.L.P. By: Joseph Samuel Woodley | Counsel for Appellee, Bienville Parish Police Jury |

COOK, YANCEY, KING & GALLOWAY,          Counsel for Appellee,
A PROFESSIONAL LAW CORPORATION          Bienville Parish Sheriff
By: Elizabeth Mendell Carmody           John E. Ballance
    Jordan B. Bird
    James Ashby Davis

JIMMY WAYNE "JIMBO" YOCOM, JR.          Counsel for Appellee,
                                        City of Ringgold

* * * * *

Before STONE, STEPHENS, and ELLENDER, JJ.

**STEPHENS, J.,**

This civil appeal arises from the Second Judicial District Court, Parish of Bienville, the Honorable Charles Glen Fallin, Judge, presiding. The plaintiffs, Trey Brooks, Tristan Brooks, and Alandre' Brooks, individually and on behalf of their brother, Donovan Brooks, seek review of the trial court's ruling granting the Bienville Parish Police Jury's exception of no cause of action. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On September 27, 2024, the plaintiffs filed a petition for wrongful death seeking damages, alleging that their brother, Donovan Brooks, was mauled to death by a pack of dogs some time shortly before October 17, 2023. The attack took place on Pine Street in Ringgold, Louisiana. The plaintiffs named as defendants William Shelton, the owner of the property where the attack took place; Charolotte Hubbard, Shawn Q. Hubbard, and Gerald Miller, the owners of the dogs; John E. Balance, the Bienville Parish Sheriff; the City of Ringgold; and the Bienville Parish Police Jury ("BPPJ"). Included in the petition were allegations that two other individuals were attacked on separate occasions by this same pack of dogs. Despite the City of Ringgold, the Sheriff, and the BPPJ's knowledge of these attacks, no action was taken to obtain possession of the dogs. The plaintiffs alleged that the BPPJ failed in its obligation to provide or establish a means of shelter to house the dangerous or vicious dogs.[1]

---

[1] The petition states, in pertinent parts:

VIII. Defendant Bienville Police Jury failed to provide or establish or establish a service for a shelter to house a dangerous or vicious dog to be tested, vaccinated or euthanized. By law, the Parish was mandated

On November 14, 2024, the BPPJ filed an exception of no cause of action, arguing that because it had no duty to seize the dogs or provide a suitable shelter for the dogs, it is entitled to statutory immunity. In their opposition, the plaintiffs claimed that the BPPJ had a mandatory duty to protect the public from the known physical threat of harm from unaccompanied and loose dogs by providing a shelter to house such dogs. The plaintiffs also asserted that they could amend the petition to include allegations that the Sheriff informed the BPPJ of the vicious dogs and of the need to establish a shelter.

The trial court held a hearing on the exception of no cause of action on January 23, 2025. Following arguments made by the parties, the trial court stated that it considered the ruling from a companion case, *Da'vyta Gray v. Town of Ringgold, et al.,* Docket No. 46,729, wherein the court found that the BPPJ has the discretion to enact ordinances prohibiting dogs from running at large and to create an animal control program.[2] The court in *Gray* further rationalized that the dogs were not seized by law enforcement, and the BPPJ had no authority to seize or board those dogs. Rather, the BPPJ exercised its discretion in not enacting ordinances, and it was not the appropriate entity to enforce the statutes allegedly violated. The *Gray* court ultimately determined that the BPPJ had immunity under La. R.S. 9:2798.1

---

and obligated to establish a shelter or service for sheltering vicious animals. La. R.S. 3:2773.

XII. The City of Ringgold, Bienville Parish Sheriff, and Beinville Parish Police Jury are solidarily liable to Plaintiffs for the wrongful death of Donovan Brooks. They all knew there was a stray and vicious dog problem at the home of the Hubbards. These Defendants were aware of numerous complaints from neighbors and workers concerning the dogs.

[2] This companion case is before this Court in *Da'vyta Gray v. Town of Ringgold, et al.*, No. 56,515-CA.

and granted the exception of no cause of action.  In the instant case, the trial court concluded that the facts in *Gray* are similar despite there being different plaintiffs and separate incidents.  The trial court further found that it would be error if it failed to go along with the *Gray* decision and adopted the reasoning set forth in *Gray*.

On January 23, 2025, the trial court signed a written judgment granting the BPPJ's exception of no cause of action and dismissing the claims against the BPPJ with prejudice.  The plaintiffs filed a notice of intent to seek supervisory review on January 28, 2025.  This Court granted the writ application and remanded it for perfection as an appeal on March 26, 2025, as the judgment is a partial final judgment under La. C.C.P. art. 1915(A)(1).

## DISCUSSION

In their first assignment of error, the plaintiffs urge that the trial court erred in finding that the BPPJ does not have a mandatory duty to provide a suitable shelter or facility for the dogs and in granting the BPPJ's exception of no cause of action.  The plaintiffs maintain that the BPPJ has a mandatory duty to protect its public from a known physical threat of harm from unaccompanied and loose dogs at large pursuant to La. R.S. 3:2774, by providing a suitable shelter or facility to house loose and at large dogs.  This duty, according to the plaintiffs, is not discretionary; thus, the BPPJ is not entitled to immunity.  The plaintiffs suggest that, in harmonizing the statutes (La. R.S. 3:2773 and 3:2774), the legislature clearly intended to create a scheme to take unaccompanied dogs and dogs running at large off the streets to protect the public.

In response, the BPPJ maintains that the trial court correctly determined that the BPPJ owed no duty to the plaintiffs to provide a shelter

3

under the facts pled, and the BPPJ was entitled to statutory immunity under La. R.S. 9:2798.1.[3] The BPPJ argues that, according to La. R.S. 3:2731, the parish governing authority may adopt ordinances regulating dogs running at large and vicious dogs. In the absence of such ordinances, La. R.S. 3:2773 applies, and the BPPJ had no animal control ordinance. Therefore, the BPPJ urges that the law provides that a shelter needs to be provided by a parish only if a dog is seized and is properly tagged.

A peremptory exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Jameson v. Montgomery*, 22-01784 (La. 5/5/23), 366 So. 3d 1210; *Kendrick v. Estate of Barre*, 21-00993 (La. 3/25/22), 339 So. 3d 615. For purposes of this exception, a cause of action is defined as

---

[3] La. R.S. 9:2798.1 provides:

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

the operative facts that give rise to the plaintiffs' right to judicially assert the action against the defendant. *Id.* In deciding an exception of no cause of action, a court is to consider the petition, alone, and no evidence may be introduced to support or controvert the exception; as such, all well-pleaded allegations of fact are accepted as true. *Jameson, supra*; *State ex rel. Tureau v. BEPCO, L.P.*, 21-0856 (La. 10/21/22), 351 So. 3d 297; *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). Because a trial court's judgment relating to an exception of no cause of action is based solely on the petition and raises a question of law, a reviewing court should conduct a *de novo* review. *Jameson, supra*.

La. R.S. 3:2731 states that the governing bodies of all parishes and municipalities *may* adopt ordinances regulating dogs running at large; regulating or prohibiting vicious or dangerous dogs; or to limit the enforcement of said ordinances or the imposition of fees and fines thereunder.

La. R.S. 3:2773 provides, in relevant part, with emphasis supplied:

> B. Any citizen *may*, or the sheriff, constable, or other police officers of any parish, ward, or municipality *shall seize* any dog found unaccompanied by its owner or keeper and running at large on any road, street, or other public place, or trespassing on any premises other than the premises of the owner. If the dog is wearing a collar bearing a tag showing the name and address of its owner, it shall be impounded and the citizen or officer so seizing and impounding the dog shall immediately thereafter by written notice notify the owner of the dog, at the address disclosed by the tag on the dog's collar, that the dog has been seized and impounded by him, and unless the owner or keeper of the dog shall, within seven days from the receipt of the notice, claim the dog and pay the citizen or officer a fee of one dollar for seizing and a fee of twenty-five cents for each day it is impounded, it shall be disposed of in a humane manner.

La. R.S. 3:2774 also provides that each parish *shall provide* suitable shelters or facilities *for dogs seized* under the provisions of this Part.

5

The BPPJ, as the party which filed the exception of no cause of action, had the burden of showing that the plaintiffs' petition failed to state a cause of action. *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So. 2d 114. The pertinent question is whether, in the light most favorable to the plaintiffs and with every doubt resolved on their behalf, the petition states any valid cause of action for relief. This question requires a review of the language in La. R.S. 3:2774, which clearly mandates that the parish "shall provide" suitable shelters or facilities "for dogs seized." Despite BPPJ's claims, the statute does not say the parish shall provide a shelter or facility "if the dogs are seized" or "when the dogs are seized." While the BPPJ maintains that the parish's duty to provide a shelter does not exist until a seizure occurs, we find more persuasive the plaintiffs' argument that the BPPJ has a statutorily mandated duty to provide a shelter in anticipation of a seizure.

According to the BPPJ's interpretation of La. R.S. 3:2773 and 3:2774, law enforcement officers or parish citizens who seize any dogs would have no shelter or facility to ***immediately*** place those dogs that are seized. We find this interpretation concerning as it would likely lead to unreasonable outcomes, particularly as it relates to citizens having authority to seize dogs running at large. Under the BPPJ's theory, questions relating to the circumstances following the seizure of dogs remain unanswered, including how long a citizen or law enforcement officer would be expected to maintain control of a dog until the parish could establish a shelter, and where such a dog should be kept until such time a shelter is established by the BPPJ.

It is these questions that lead us to find it illogical that the legislature would impose a mandatory duty upon the parish to provide a shelter but only intend for that duty to engage once a seizure occurs. Furthermore, we

6

disagree with the BPPJ's assertions that it is only tagged dogs that are to be sheltered when seized. We find more persuasive the plaintiffs' argument that the statute merely provides a distinct method for reunification of dog and owner when seized dogs have collars.

Although we agree with the BPPJ that it has the discretion relating to how a shelter is provided (i.e., building a shelter, contracting with a third party for a shelter, etc.), this discretion does not extend to its duty to provide the shelter. Consequently, there is no statutory immunity under La. R.S. 9:2798.1 for the BPPJ. Whether the plaintiffs can successfully prove that the BPPJ failed in its duty to provide a shelter is not an appropriate consideration on an exception of no cause of action, as this inquiry relates to the merits of the claims made by the plaintiffs. Based on the facts alleged in the plaintiffs' petition, the trial court erred in granting the BPPJ's exception of no cause of action as the facts alleged in the petition do provide a valid cause of action against the BPPJ.

Having found that the plaintiffs' petition states a cause of action, we do not reach the plaintiffs' second assignment of error alleging that the trial court erred in failing to order the plaintiffs an opportunity to amend their petition.

## CONCLUSION

For these reasons, the judgment of the trial court sustaining the exception of no cause of action filed by the defendants, the Bienville Parish Police Jury, is reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to the defendant, the Bienville Parish Police Jury.

**REVERSED and REMANDED**.